WARD, Judge.
This is an appeal from the Trial Court’s judgment interpreting an alleged compromise agreement. Mrs. Suzanne Kahn and her insurer, United Services Automobile Association, entered into what each thought was an agreement to settle Ms. Kahn’s lawsuit against United for an underinsured motorist claim. Both parties are anxious to carry out the agreement, but only as they interpret it. The Trial Court interpreted the agreement in a manner that Ms. Kahn believes favored United, and she has appealed.
To understand why there is a dispute, which is difficult to say the least, a brief description of the undisputed facts surrounding the claim is necessary. On March 30, 1979, Suzanne Kahn and John H. Williams were involved in an automobile accident. Ms. Kahn settled all claims against Mr. Williams and his insurance carrier for the liability limits, $5,000.00. Ms. Kahn thereafter filed an underinsured motorist claim against her own insurer, United Services Automobile Associations. United refused to pay the underinsured claim and answered Ms. Kahn’s Petition by alleging that she was contributorily negligent. The case was brought to trial before a jury, and after two days of trial, after all evidence had been presented, but before the case was submitted to the jury, settlement negotiations produced an apparent compromise agreement, and the jury was dismissed. The Trial Judge dictated the agreement to the court reporter in the presence of Ms. Kahn and her attorney. Very shortly thereafter, at the request of her attorney, the court reporter transcribed what the Judge had dictated, and the transcribed notes, which are set out below, were immediately signed by Mrs. Kahn’s attorney.
*874 4-8-81
Kahn case
Let the record reflect that on the beginning of the second day of this trial we have reached a settlement in this case. The defendant United Services Automobile Assn, will pay the sum of $4,000.00. Each party to bear their own cost.
The above was done by Ted Andersen at my request.
/s/ G. Kutzgar
Within two weeks, on April 21, 1981, Ms. Kahn filed a motion to rescind the settlement and a motion for a new trial because the agreed amount had not yet been paid. On April 21, 1981, United issued its check for $4,000.00 as payment for “any and all claims this occurrence”. The check was refused by Ms. Kahn’s attorney; he did not want to settle “any and all claims”; he only wanted to settle “the case”.
On April 22, 1981, Ms. Kahn filed a petition in Federal Court, alleging that United had “forced her to litigate” and that she had been “forced to settle” because she was “afraid of losing everything” and that United breached an implied covenant of “good faith and fair dealing”, thus causing her to settle. In that lawsuit, she seeks to recover $21,000.00 which she believes was the true value of her claim against United. She also asked for attorney’s fees, penalties, and punitive damages.
On May 26, 1981, notwithstanding her motion to rescind the compromise, Ms. Kahn filed a motion in State Court demanding payment of the $4,000.00 for “the case”, contending that she is entitled to it without releasing “any and all claims” and particularly without abandoning her suit in Federal Court against United. On May 27, 1981, United filed a motion to enforce the compromise.
Ms. Kahn’s motion to rescind and motion to order payment and United’s motion to enforce the compromise were heard by the Trial Judge on June 26, 1981, and he held that the settlement was valid and enforceable and that the $4,000.00 was “for all the injuries ... The whole thing, the whole melon, the whole ball of wax.... ”
Ms. Kahn argues that the Trial Judge erred in finding that the settlement encompasses more than “the case” at bar. She contends that since her suit in Federal Court is one that could only arise after the compromise settlement of “the case”, the compromise could not and did not include the suit in Federal Court.
United argues that the settlement between the parties encompasses all the claims or issues raised in or inherent in the lawsuit and that the settlement would preclude an additional suit against United for breach of an alleged implied covenant that it would deal fairly with its insured.
An agreement of compromise is defined by La.C.C. Art. 3071 which states:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
* * * * * *
We believe that the compromise agreement settled only “the case”, the lawsuit then being tried in the Civil District Court. The record shows that there was mutual consent by the parties to settle the lawsuit which Ms. Kahn had brought against United, and to compromise any claims arising directly from the alleged negligence of Williams, the underinsured motorist. Any claim that Ms. Kahn may have against United for alleged breach of an implied covenant by coercing a settlement, although arising indirectly from the accident, has not been compromised.
Ms. Kahn’s claim for breach of an implied covenant may be specious; there may not be any such implied covenant, and if there is, it may not have been breached; there may be no cause of action; and there may be no Federal jurisdiction, but these issues and the merits of Ms. Kahn’s claim and United’s defense are questions for the Federal Court, and the Civil District Court cannot order dismissal of Ms. Kahn’s suit in Federal Court.
*875 Although Ms. Kahn has appealed what she believes is an adverse judgment, we do not interpret it as she does; we do not believe it means that she cannot bring an action in Federal Court. The judgment reads:
This cause came regularly for hearing on June 26, 1981, on three motions. Those motions consisted of: (1) a motion of the plaintiff, Suzanne Kahn, for recision of a settlement entered on April 9, 1981; (2) a motion of the plaintiff, Suzanne Kahn, to order payment under a settlement on April 9, 1981; and (3) a motion of defendant, United Services Automobile Association, to enforce a compromise entered on April 9, 1981.
PRESENT: George Kutzgar, attorney for Suzanne Kahn, plaintiff;
Timothy G. Schafer and I. David Warner, III, attorneys for United Services Automobile Association, defendant.
After considering the pleadings, the evidence, the stipulations, the admissions made by counsel during argument and in pleadings, the arguments of counsel, and the Court having personal knowledge of the events that occurred on April 8 and 9, 1981, and having personally conversed with the plaintiff, Suzanne Kahn, regarding her understanding of the settlement and recognizing her assent thereto, and that the settlement was dictated to and recorded by the court reporter, whose official notes were signed by both counsel in the presence of the Court and the plaintiff, and for the other reasons orally assigned in Open Court on June 26, 1981, the Court considers that a valid settlement agreement and stipulation was entered into by and between the parties and was properly evidenced in the law, and is enforceable and, accordingly, the said compromise agreement should be made the judgment of this Court;
IT IS ORDERED, ADJUDGED AND DECREED that the motion of the plaintiff, Suzanne Kahn, for recision of the settlement, be and is hereby denied, the motion of the plaintiff, Suzanne Kahn, to order payment in connection with the settlement, is granted in part and denied in part, and the motion of the defendant, United Services Automobile Association, to enforce the compromise, is granted, and, accordingly,
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Suzanne Kahn, and against the defendant, United Services Automobile Association, in the full sum of FOUR THOUSAND AND NO/lOO ($4,000.00) DOLLARS, without interest, each party to bear his own cost.
JUDGMENT READ AND RENDERED in Open Court, on the 26th day of June, 1981.
JUDGMENT SIGNED in Open Court, on this 29th day of June, 1981.
/s/Thomas A. Early, Jr„ Judge
We believe that the judgment is clear: Mrs. Kahn cannot come back into State Court on a claim against United for damages which she sustained in the accident of March 30, 1979, and which were directly caused by the negligence of Williams; any and all claims arising from that occurrence and Mr. Williams’s alleged tortious conduct are compromised and settled. Any claim, however questionable, for breach of a covenant of “good faith and fair dealing” allegedly contained in the insurance contract is another lawsuit.
We affirm. All costs are to be shared equally.